AYRES, Judge.
This is an action for damages for personal injuries and property damage sustained by plaintiff in a motor vehicle collision. Involved were plaintiff’s Chevrolet automobile and a Ford “pulpwood” truck owned by Max Tauton, driven at the time by his employee, Clearther Jenkins, and insured by The Travelers Insurance Company, all of whom are made defendants.
*370 The accident occurred between sundown and dark August 5, 1959, on a narrow country “native” gravel-surfaced road known locally as the Farmerville-Downsville road. Plaintiff was traveling south, Jenkins north. The accident occurred on their meeting and passing.
Negligence charged to Jenkins consists of his operating the truck at an excessive and reckless rate of speed, in driving on his left, or wrong, side of the road while negotiating a curve, and of his failure to keep and maintain a proper lookout or to keep his vehicle under control. After especially denying all charges of negligence directed against Jenkins, the defendants, in the alternative, charged plaintiff in identical respects as Jenkins was charged, with contributory negligence.
After trial plaintiff was awarded $750. Of this amount, $552.06 represented damages to plaintiff’s automobile. The remainder represented damages for personal injuries. Defendants have perfected an appeal from the judgment thus rendered and signed.
First, for resolution on this appeal, is the question of liability; and, second, the quantum of the award.
Since plaintiff neither appealed nor answered defendants’ appeal, consideration as to quantum must be limited to whether or not the award was excessive. The rule is well established, where a party litigant neither appeals nor answers the appeal of the opposing litigant, that judgment may not be amended or modified in his favor or to his advantage.
On the first of the issues presented, we not only fail to find manifest error in the trial court’s conclusions, that Jenkins was guilty of negligence constituting the sole and proximate cause of the accident, but that the court’s findings of fact were eminently correct. By a great preponderance of the evidence, it is established that plaintiff was not driving at an excessive rate of speed. According to his own testimony, he was proceeding at 30 to 35 miles per hour, but Taylor G. Roberson, who passed him shortly before the accident occurred, estimated plaintiff was driving 40 to 45 miles per hour. To the contrary, we are convinced, as was the trial court, that Jenkins was driving at an excessive rate of speed. This, we conclude from the testimony of not only plaintiff but of Roberson, who met Jenkins about 300 yards distance from where the accident occurred. Roberson estimated Jenkins’ speed at 65 to 70 miles per hour. Plaintiff placed no precise estimate, but stated that Jenkins was proceeding at a high rate of speed. Jenkins, on meeting Roberson, was occupying the middle of the road, from which he did not turn or swerve his vehicle. A collision was averted by Roberson only by his swerving sharply to his right. On meeting plaintiff, Jenkins, however, only momentarily before the actual impact, swerved to his right, but too late; his truck’s left, outside dual wheel struck plaintiff’s car, causing the damages and inflicting the injuries for which plaintiff now claims compensation. This accident occurred notwithstanding plaintiff had steered his own vehicle as far to the right as was safe for him to do. After the collision Jenkins never stopped, but left the scene of the accident.
Defendants contend, however, that, because of a cloud of dust stirred after Roberson passed plaintiff, plaintiff’s vision was obstructed and under those conditions his continuance constituted negligence. While there was some dust, the evidence does not establish that either driver’s view was to any appreciable extent obscured thereby.
Nor do we find manifest error in the award as fixed by the trial court. While plaintiff sustained no serious injuries or any broken bones, he did, as a result of the accident, become extremely nervous, suffered discomfort, some minimal pain, and became sleepless. This condition persisted two or three weeks. Plaintiff called upon and was treated by his family physician on *371 two occasions, the first soon after the accident, at the doctor’s office, and the second at his residence. We conclude, from a consideration of all the testimony, that the award was not excessive hut reasonable.
Accordingly, the judgment appealed should be and it is hereby affirmed at appellant’s cost.
Affirmed.